## Staunton.

### D. SAYLER GOOD, C. M. SIMPSON, J. W. BASHAM AND O. J. YEATTS v. CITY OF ROANOKE.

#### September 22, 1927.

EMINENT DOMAIN—*Damages to Property not Actually Taken—Inadequate Damages—Case at Bar.*—The instant case and the case of *Hannah* v. *City of Roanoke, ante,* page 554, 139 S. E. 303, are companion cases. They were heard together in the Supreme Court of Appeals, and it was agreed at the bar of the court that the two cases involved the same questions of law, but it was contended that the evidence was slightly different. A careful examination of the evidence in the instant case disclosed nothing that entitled petitioners to a reversal of the judgment upon the facts, and the decision of the Supreme Court of Appeals in *Hannah* v. *City of Roanoke, ante,* page 554, 139 S. E. 303, is controlling in the instant case.

Error to a judgment of the Court of Law and Chancery of the city of Roanoke, in eminent domain proceedings. From a judgment confirming awards of damages claimed by petitioners to have been inadequate, defendants appeal.

*Affirmed.*

The opinion states the case.

*D. Sayler Good* and *S. H. Hoge,* for the plaintiffs in error.

*R. C. Jackson* and *Funkhouser & Apperson,* for the defendant in error.

WEST, J., delivered the opinion of the court.

The city of Roanoke, desiring to erect a fill and over-

head bridge on Jefferson street across the right of way and tracks of the Virginian Railway Company, instituted these proceedings under the general eminent domain statute to have commissioners appointed to ascertain the damages which will accrue to the owners of lots, no part of which will be taken, abutting on Jefferson street, by the construction and operation of the bridge as contemplated. The commissioners viewed the properties, heard all the testimony introduced before them, which was very conflicting, and reported their findings to the court. They allowed D. Sayler Good $5,500.00 and Simpson, Basham and Yeatts $750.00 damages. All of the abutting landowners, except those named, accepted the awards of the commissioners. To the judgment confirming the allowances of $5,500.00 and $750.00, respectively, this writ of error was awarded.

Among the facts stated in the petition are these:

"The city of Roanoke proposes to erect a fill and viaduct on Jefferson street, S., beginning on the north side of the Virginian Railway Company's right of way and extending across said right of way and tracks to a point on the south side of said right of way, as shown by the plat and profile or map as Exhibit No. 1 with the petition in this cause, a copy of which is attached to the transcript. The property of the appellant, D. Sayler Good, lies at the northeast corner of Jefferson street and Green avenue (now called Woods avenue), and is shown on said plat as parcel No. 2. This lot fronts fifty feet on Jefferson street and extends easterly along Green avenue one hundred feet to an alley, on which alley is a joint switch connecting the Virginian Railway Company's tracks on the north and the Norfolk and Western Railway Company's track on the south, known as the Roanoke & Southern Division of the Norfolk & Western Railway Company.

"At the intersection of the northerly line of Good's lot with Jefferson street, the fill as proposed will cover the entire width of Jefferson street, including the sidewalk, and will be 15.1 feet above the present grade of Jefferson street; and that fill tapers down to 12.5 feet at the southerly line of Good's lot and Jefferson street, which line is also the northerly line of Green avenue; and said fill drops to 9.3 feet on the southerly side of Green avenue and Jefferson street, and continues to drop until it strikes C. M. Simpson, J. W. Basham and C. J. Yeatts' lot on the west side of Jefferson street, known as lot No. 7 on said plat, and there the fill is 3.4 feet at the northerly line of their lot and tapers down to nothing before it reaches the southerly line of their property, which fronts seventy-five feet on Jefferson street and runs westerly between parallel lines one hundred feet to a siding or switch connecting same with the Virginian Railway Company's tracks. Said fill is to be held within retaining walls, on which a rail about three and one-half feet high is to be placed.

"After the proposed fill and viaduct are built, the only access to D. S. Good's property will be from Jefferson street, as the railway siding on the alley in the rear prevents the use of said alley, and Green avenue is left 12.5 feet below the fill on the north, and 9.3 feet on the south side thereof, making it impossible to use this avenue unless a ramp is built by D. S. Good and the owner of the abutting property on the south side of Green avenue.

"On the lot owned by Simpson, Basham and Yeatts is a one-story frame store building, fronting fifty feet on Jefferson street and running westerly one hundred feet, the southerly side of said building being about fifteen feet north of the southerly line of their property and thus leaving a strip ten feet on the north side of

said building, which they use at present, together with some land owned by the Virginian Railway Company, to drive across to the freight depot. If this fill is made as proposed this easement to said freight depot cannot be used. At present the owners are using a part of the building themselves and renting the rest to a tenant, the tenant paying $50.00 per month, and he has agreed to pay $100.00 per month for the entire building.''

The instant case and the case of *Frank Hannah and J. R. Nichols* v. *City of Roanoke, ante,* page 554, 139 S. E. 303, decided today, are companion cases. They were heard together in this court, and it was agreed at the bar of the court that the two cases involve the same questions of law, but contended that the evidence is slightly different.

A careful examination of the evidence in the instant case discloses nothing which entitles petitioners to a reversal of the judgment upon the facts.

We are of the opinion that the decision of the court in *Hannah & Nichols* v. *City of Roanoke, supra,* is controlling in this case. For the reasons stated in that case, the judgment complained of will be affirmed.

*Affirmed.*